**IN THE UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF OHIO**
**EASTERN DIVISION**

| | |
|---|---|
| KRISTINE LOVANO ) | |
| 11924 Grainer Rd ) | |
| Garfield Heights, Ohio 44125 ) | |
| ) | Case No 1:15-cv-570 |
| Plaintiff, ) | |
| ) | JURY DEMAND ENDORSED HEREON |
| v. ) | |
| ) | CIVIL COMPLAINT |
| DIVERSIFIED CONSULTANTS, INC. ) | (Unlawful Debt Collection Practices) |
| 10550 Deerwood Park Blvd. ) | |
| Jacksonville, Florida ) | |
| ) | |
| Defendant. ) | |

NOW COMES Plaintiff, KRISTINE LOVANO ("Plaintiff"), through her attorneys, KROHN & MOSS, LTD., and for her Complaint against Defendant, DIVERSIFIED CONSULTANTS, INC. ("Defendant"), affirmatively states as follows:

### INTRODUCTION

1. Count I of Plaintiff's Complaint is based on the Fair Debt Collection Practices Act, 15 U.S.C. 1692 *et seq.* (FDCPA).

2. Count II of the Plaintiff's Complaint is based on Telephone Consumer Protection Act, 28 U.S.C. § 227 *et seq.* (TCPA).

### JURISDICTION AND VENUE

3. Jurisdiction of this Court over Count I of Plaintiff's Complaint arises pursuant to 15 U.S.C. 1692k(d), which states that such actions may be brought and heard before "any appropriate United States district court without regard to the amount in controversy."

4.      Jurisdiction of this Court over Count II of Plaintiff's Complaint arises pursuant to 28 U.S.C. § 1331.

5.      Because Defendant conducts business in the State of Florida, personal jurisdiction is established.

6.      Venue is proper pursuant to 28 U.S.C. 1391(b)(2).

## PARTIES

7.      Plaintiff is a natural person who resides in Garfield Heights, Cuyahoga County, Ohio and is obligated or allegedly obligated to pay a debt and is a "consumer" as that term is defined by 15 U.S.C. 1692a(3).

8.      Plaintiff is informed, believes, and thereon alleges, that Defendant is a national debt collection company with a business office in Jacksonville, Florida.

9.      Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers.

10.     Plaintiff is informed, believes, and thereon alleges, that Defendant uses instrumentalities of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects or attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another and is a "debt collector" as that term is defined by 15 U.S.C. § 1692a(6).

## FACTUAL ALLEGATIONS

11.     In or around 2014, Defendant began constantly and consistently placing telephone calls to plaintiff in an attempt to collect a debt an alleged debt.

12.     Plaintiff's alleged debt arises from transactions for personal, household, and/or family purposes.

13.     Defendant places telephone calls to Plaintiff on Plaintiff's cellular telephone at

216-925-65XX.

14. Defendant places telephone calls from numbers including, but not limited to, 216-777-8690.

15. Based upon the timing and frequency of Defendant's calls and per its prior business practices, each collection call placed by Defendant to Plaintiff was placed using an automatic telephone dialing system.

16. When Plaintiff answers Defendant's calls, Plaintiff received a pre-recorded message directing Plaintiff to wait for the next available operator.

17. In or around Octobert of 2014, Plaintiff called Defendant and spoke to Defendant's representative.

18. During the course of the telephone conversation in or around October 2014, Plaintiff requested that Defendant cease placing calls to her cellular telephone.

19. Plaintiff revoked any consent, either explicitly or implicitly, to receive automated telephone calls from Defendant on his cellular telephone in or around October, 2014.

20. Despite Plaintiff's request to cease, Defendant placed at least twenty-nine (29) total collection calls to Plaintiff, and placed multiple calls to Plaintiff on a daily basis.

## COUNT I
## DEFENDANT VIOLATED THE FAIR DEBT COLLECTION PRACTICES ACT, (FDCPA), 15 U.S.C. § 1692 et seq.

21. Defendant violated the FDCPA. Defendant's violations include, but are not limited to the following:

   a. Defendant violated § 1692d of the FDCPA by engaging in conduct the natural consequence of which is to harass, oppress, and/or abuse Plaintiff;

   b. Defendant violated § 1692d(5) of the FDCPA by causing a telephone to ring repeatedly or continuously with intent to annoy, abuse, or harass Plaintiff.

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

22. Statutory damages of $1,000.00 pursuant to the FDCPA, 15 U.S.C. 1692k;

23. Costs and reasonable attorney's fees pursuant to the FDCPA, 15 U.S.C. 1692k; and

24. Any other relief that this court deems to be just and proper.

## COUNT II
## DEFENDANT VIOLATED THE TELEPHONE CONSUMER PROTECTION ACT

25. Defendant's actions alleged *supra* constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B).

26. Defendant's actions alleged *supra* constitute numerous and multiple knowing and/or willful violates of the TCPA, entitling Plaintiff to an award of $1500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. § 227(b)(3)(B) and 47 U.S.C. § 227(b)(3)(C).

**WHEREFORE**, Plaintiff respectfully prays that judgment be entered against the Defendant for the following:

27. Statutory damages of $500.00 for each and every negligent violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(B);

28. Statutory damages of $1500.00 for each and every knowing and/or willful violation of the TCPA pursuant to 47 U.S.C. § (b)(3)(b) and 47 U.S.C. § (b)(3)(C);

29. All court costs, witness fees and other fees incurred; and

30. Any other relief that this Honorable Court deems appropriate.

## DEMAND FOR JURY TRIAL

Plaintiff, KRISTINE LOVANO, requests a jury trial in this case.

RESPECTFULLY SUBMITTED,

/s/ David Tannehill
David Tannehill
Ohio Registration No. 0083968
Krohn & Moss, Ltd.
8043 Corporate Circle, Suite 3
North Royalton, Ohio 44133
phone: (216) 901-0609 x 203
fax: (866) 425-3459
dtannehill@consumerlawcenter.com

## VERIFICATION OF COMPLAINT AND CERTIFICATION

STATE OF OHIO )
COUNTY OF CUYAHOGA )

Plaintiff, KRISTINE LOVANO, says as follows:

1. I am the Plaintiff in this civil proceeding.
2. I have read the above-entitled civil Complaint prepared by my attorneys and I believe that all of the facts contained in it are true, to the best of my knowledge, information and belief formed after reasonable inquiry.
3. I believe that this civil Complaint is well grounded in fact and warranted by existing law or by a good faith argument for the extension, modification or reversal of existing law.
4. I believe that this civil Complaint is not interposed for any improper purpose, such as to harass any Defendant(s), cause unnecessary delay to any Defendant(s), or create a needless increase in the cost of litigation to any Defendant(s), named in the Complaint.
5. I have filed this Complaint in good faith and solely for the purposes set forth in it.
6. Each and every exhibit I have provided to my attorneys which has been attached to this Complaint is a true and correct copy of the original.
7. Except for clearly indicated redactions made by my attorneys where appropriate, I have not altered, changed, modified or fabricated these exhibits, except that some of the attached exhibits may contain some of my own handwritten notations.

Pursuant to 28 U.S.C. § 1746(2), I, KRISTINE LOVANO, hereby declare (or certify, verify or state) under penalty of perjury that the foregoing is true and correct.

Dated: 12/4/2014

KRISTINE LOVANO
Plaintiff

PLAINTIFF'S COMPLAINT

6